IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNY CALIHAN,

      Petitioner,           No. 2:12-cv-1822 LKK CKD P

    vs.

WILLIAM KNIPP,

      Respondent.      <u>ORDER AND</u>

                         /      <u>FINDINGS AND RECOMMENDATIONS</u>

        Petitioner, a California prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with a request to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

        Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears that petitioner is not entitled to relief. An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a).

/////

1

Petitioner's claims concern the administrative appeal of prisoner disciplinary proceedings which resulted in petitioner losing 90 days of good conduct sentence credit. With respect to prisoner disciplinary proceedings which result in the loss of good conduct sentence credit, prisoners are entitled to some protection under the Due Process Clause of the Fourteenth Amendment including: 1) advance written notice of the charges; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in their defense; 3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and 4) that the findings of the hearing officer be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). There is no right arising under the Due Process Clause, or any other provision of federal law, to an administrative appeal of the result of prisoner disciplinary proceedings. Therefore, it is plain that petitioner's challenge to the administrative appeal process in this action does not amount to a claim upon which this court could grant habeas relief. Accordingly, the court will recommend that petitioner's application for writ of habeas corpus be summarily denied.

In accordance with the above, IT IS HEREBY ORDERED that petitioner's request to proceed in forma pauperis (#2) is granted.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be denied; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district

court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 10, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[1] cali1822.dis