IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNY CALIHAN

   Petitioner,     No. 2: 12-cv-1822 LKK CKD P

 vs.

WILLIAM KNIPP,

   Respondent.    <u>ORDER</u>

_____/

   Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On August 10, 2012, the magistrate judge filed findings and recommendations herein which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within twenty-one days. Petitioner has not filed objections to the findings and recommendations.

   The docket indicates that the Order and Findings and Recommendations, issued by the magistrate judge on August 10, 2012, was served by mail on Petitioner Kenny Calihan, but was returned as "Undeliverable." On September 14, 2012, this court notified Plaintiff that notice of his change of address was due by September 18, 2012. Petitioner has not notified the

1

1  court of his change of address.

2  According to Local Rule 182, pro se parties are "under a continuing duty to notify
3  the Clerk and all other parties of any change of address"; "[a]bsent such notice, service of
4  documents at the prior address of the . . . pro se party shall be fully effective." Local Rule 182(f)
5  (2012). Thus, service on Petitioner of the magistrate judge's Order and Findings and
6  Recommendations is considered effective.

7  The court has reviewed the file and declines to adopt the magistrate judge's
8  findings and recommendations. Specifically, the court takes issue with the magistrate judge's
9  finding that "[t]here is no right arising under the Due Process Clause, or any other provision of
10 federal law, to an administrative appeal of the result of prisoner disciplinary proceedings."
11 Order, ECF No. 9, at 2.

12 The magistrate judge is correct in noting that there is likely no federal
13 constitutional right to administrative review of a prison disciplinary hearing. See Wolff v.
14 McDonnell, 418 U.S. 539, 563-70, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (omitting right to
15 appeal from list of minimal due process requirements at prison disciplinary hearing).
16 Nevertheless, once a state has created a right to administrative review, it cannot deprive a
17 prisoner of that right arbitrarily. Cf. id. at 557 ("[T]he State having created the right to good
18 time and itself recognizing that deprivation is a sanction authorized for major misconduct, the
19 prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment
20 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and
21 required by the Due Process Clause to insure that the state-created right is not arbitrarily
22 abrogated.").

23 The California Code of Regulations, which govern the administration of prisons
24 by the California Department of Corrections and Rehabilitation ("CDCR"), provides prisoners a
25 right to administrative review of disciplinary proceedings. See, e.g., Cal. Admin. Code tit. 15,
26 §§ 3084.7(b)(1), 3084.9(g)(2) (2011). Because California has created a right to administrative

review, that right may not be arbitrarily abrogated.

For the foregoing reasons, the court disagrees with the magistrate judge's finding that it "plainly appears that petitioner is not entitled to relief," where the grounds for Petitioner's habeas corpus petition are based, in part, on his "cancelled administrative appeal." See Pet., ECF No. 1, at 4.

The court, therefore, DECLINES to adopt the magistrate judge's August 10, 2012 findings and recommendations and REMANDS the case to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

DATED: February 12, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3